LEMMON, Judge
(concurring).
In my opinion the appeal by the wife was not premature, although the appeal was filed during the delay for applying for a new trial and the husband’s application for new trial had not yet been disposed of at the time the appeal was granted.[1]
C.C.P. arts. 3942, 3943 and 2087(1) set the outer limit of the delay within which an appeal can be taken. Nothing in the Code prohibits the taking of an appeal immediately following judgment and before the expiration of the delay for applying for a new trial.
Furthermore, after the trial judge granted the appeal, he retained jurisdiction to act on the motion for new trial, since an appeal divests the trial court of jurisdiction only as to “matters in the case reviewable under the appeal”. C.C.P. art. 2088.
Nevertheless, the granting of the new trial to the husband had the effect of vacating the judgment appealed from and thus rendered the wife’s appeal moot. I therefore concur in the dismissal of the appeal as moot.

. If the husband’s application for new trial had been denied, then the wife’s appeal would have remained effective, and there would have been no necessity for her filing another appeal.